UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:20CR227(MPS) |
| | : | |
| v. | : | |
| | : | |
| ANGEL REYES-RODRIGUEZ | : | June 28, 2022 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MEMORANDUM IN AID OF SENTENCING**

The government submits this memorandum for the sentencing of Angel Reyes-Rodriguez

scheduled for July 5, 2022, at 10:00 a.m.   On August 31, 2021, he pleaded guilty to a one-count

indictment charging him with unlawful possession and transfer of a machinegun, in violation of 18

U.S.C. §§ 922(o) and 924(a)(2), for offense conduct that he committed in May 2019.   On July 11,

2016, Mr. Reyes-Rodriguez had been previously convicted of conspiracy to possess with intent to

distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), for which he was

sentenced to one year of probation.   As discussed below, the government respectfully asks that the

Court sentence him within the 30-37-month Guideline range set forth in his plea agreement and the

Presentence Report ("PSR").   Such a sentence would appropriately punish and deter him from

returning to criminal activity, protect the community, and promote general deterrence .

I.      **The Offense Conduct**

As set forth in the Presentence Report ("PSR"), under 26 U.S.C. § 5845(a), the term

"firearm" includes a "machinegun."   26 U.S.C. § 5845(a).   Under 26 U.S.C. § 5845(b), the term

"machinegun" includes not only an actual machinegun, but also "any part designed and intended

solely and exclusively, or combination of parts designed and intended, for use in converting a

weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."   26 U.S.C. § 5845(b).   In pleading guilty, Mr. Reyes-Rodriguez stipulated that each of the conversion devices which he knowingly possessed and sold, as charged in the indictment, constituted a "machinegun" under 26 U.S.C. § 5845(a).   PSR ¶ 12.

On May 3, 2019, Mr. Reyes-Rodriguez communicated with a cooperating witness ("CW") over Instagram about a photo of a Glock pistol that Mr. Reyes-Rodriguez had put on his "Instagram story."   During the course of the conversation over Instagram, Mr. Reyes-Rodriguez asked the CW if he had a Glock.   Mr. Reyes-Rodriguez further messaged the CW stating that he had a friend with a "chip" to make the gun shoot automatically.   PSR ¶ 9.

At the direction of law enforcement, the CW made arrangements via Instagram to purchase two Glock conversion devices from Mr. Reyes-Rodriguez in a store parking lot in New Haven on May 9, 2019. Mr. Reyes-Rodriguez messaged the CW that the two conversion devices would cost a total of $500.   PSR ¶ 10.

Law enforcement video surveillance recorded Mr. Reyes-Rodriguez leaving his home in New Haven and driving to the store parking lot, where he entered the CW's vehicle.   While inside the vehicle, Mr. Reyes-Rodriguez stated, among other things, that these conversion devices were genuine and not counterfeit products.   He gave the CW the two conversion devices in exchange for $500.   Shortly afterwards, the CW met with law enforcement and handed over the two conversion devices, which bear the Glock logo and the words "Made in Austria."   In actuality, Glock does not, and did not, manufacture such machinegun conversion devices.   PSR ¶ 11.

**II.      The Plea Agreement and the Defendant's Sentencing Guideline Calculation**

On August 31, 2021, Mr. Reyes-Rodriguez pleaded guilty to a one-count indictment charging him with unlawful possession and transfer of a machinegun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).   He faces a maximum penalty of 10 years of imprisonment, $250,000 fine, three years of supervised release, and a $100 special assessment.

Consistent with the Guideline calculation in the plea agreement, the PSR finds that the defendant's base offense level under U.S.S.G. § §2K2.1(a)(3)(A)(ii) and (a)(3)(B) is 22 because (1) the offense conduct involved a firearm that is described in 26 U.S.C. § 5845(a), and (2) the defendant committed the instant offense after sustaining a felony conviction for a controlled substance offense.   PSR ¶ 17.   Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 19.   PSR ¶¶ 24-26.

Although he is classified as Criminal History Category ("CHC") I, Mr. Reyes-Rodriguez has a prior federal conviction for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).   Judge Chatigny sentenced him to one year of probation on October 7, 2016.   PSR ¶¶ 30-31.

With a CHC I, Mr. Reyes-Rodriguez's sentencing range is 30 to 37 months of imprisonment and a fine range of $10,000 to $100,000.   PSR ¶¶ 63, 71.   Under U.S.S.G. § 5D1.2(a)(2), he is also subject to a supervised release term of one to three years.   PSR ¶¶ 66.

III.    **Discussion**

A.    **Legal Standard and 18 U.S.C. § 3553(a)**

Although the Sentencing Guidelines are no longer mandatory, they must be considered by the Court along with the other factors listed in 18 U.S.C. § 3553(a).   *United States v. Booker*, 543 U.S. 220, 260-61 (2005); *United States v. Crosby*, 397 F.3d 103, 110 (2d Cir. 2005).   Ultimately, a district court's sentence is reviewed for reasonableness.   *Booker*, 543 U.S. at 260-61; *Crosby*, 397 F.3d at 114-15.   But reasonableness does not result in unfettered discretion to ignore the Guidelines, and the Second Circuit has recognized post-*Booker* that the Guidelines remain highly instructive in determining a reasonable sentence: "In calibrating our review for reasonableness, we will continue to seek guidance from the considered judgment of the Sentencing Commission as expressed in the Sentencing Guidelines and authorized by Congress."   *United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006).

Title 18, United States Code, Section 3553(a) provides, in pertinent part:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> ***
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and
>
> (7) the need to provide restitution to any victims of the offense.

**B.    A Sentence Within the Guideline Range Would Constitute a Just Sentence**

Mr. Reyes-Rodriguez's offense conduct, when viewed through the prism of the § 3553(a) factors and his 2016 federal drug conviction, supports a sentence within the 30-37-month Guideline range.

**1.    The Nature and Circumstances of the Offense**

Mr. Reyes-Rodriguez possessed and transferred two machinegun conversion devices—each of which can transform a Glock firearm into an automatic weapon capable of inflicting tremendous bodily injury.   In the wrong hands, such machinegun conversion devices enable a bad actor to cause grievous damage to a community in minutes.   Nevertheless, during the investigation, Mr. Reyes-Rodriguez did not evince any reluctance or reservation about selling a device that was so inherently dangerous and harmful to public safety.   Accordingly, a sentence within the Guideline range would appropriately punish and deter him from committing another serious firearms offense in the future.

**2.   The Defendant's History and Characteristics**

Although he is classified as Criminal History Category ("CHC") I, Mr. Reyes-Rodriguez has a prior federal conviction for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).   He was extremely fortunate to be

sentenced to one year of probation on October 7, 2016, even though he had delivered a two-kilogram shipment of cocaine.[1]   PSR ¶¶ 30-31.   The PSR further discloses that the Probation Office classified him as "a recidivism risk level of low . . . [who had] successfully completed probation on October 6, 2017."   PSR ¶ 30.

Notwithstanding his avoidance of a mandatory-minimum sentence, Mr. Reyes-Rodriguez committed the instant—and more troubling—offense conduct less than two years after his probation had concluded.   He exercised poor judgment in choosing to transfer the machinegun conversion devices, apparently unmoved by how he had avoided a lengthy period of incarceration for the prior drug conviction.   As a two-time federal felon, Mr. Reyes-Rodriguez must be deterred from committing crimes in the future.   A sentence within the Guideline range would communicate to him that a federal firearms conviction carries serious and tangible consequences.

3.   **A Guideline Sentence Would Protect the Public and Promote Respect for the Law**

Sections 3553(a)(2)(A) and (C) state that the Court's sentence must "promote respect for the law" and "protect the public from further crimes of the defendant."   18 U.S.C. §§ 3553(a)(2)(A) and (C).   The government submits that a sentence within the Guideline range would not only inure to the benefit of public safety, but also promote respect for the law among the general public.   Sadly, in our society, it is no longer anomalous for a bad actor to convert a firearm into an automatic weapon to kill and hurt innocent people.   While Mr. Reyes-Rodriguez may not have subjectively believed that the two machinegun conversion devices he sold would be

---

[1] Notably, the government permitted Mr. Reyes-Rodriguez to plead guilty to the lesser included section 841(b)(1)(C) offense, thereby obviating the otherwise operable mandatory-minimum penalty.   *See Plea Agreement* [doc. 131 from Case No. 3:16CR57(RNC)] and *Judgment* [doc. 281-1 from Case No. 3:16CR57(RNC)] (both documents noting that Mr. Reyes-Rodriguez had pleaded guilty to the lesser-included offense charged in the indictment).

used for a nefarious purpose, the public needs to understand that such conversion devices are

dangerous and illegal under federal law.   Accordingly, the government respectfully submits that a

Guideline sentence would communicate to the public that the possession and transfer of such

machinegun conversion devices is a serious criminal offense for which there will be a very real

consequence.

## **CONCLUSION**

In sum, the government respectfully requests that the Court impose a custodial sentence

within the Guideline range of 30-37 months of imprisonment set forth in the plea agreement and

the PSR.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

 */s/ Harold H. Chen*

HAROLD H. CHEN
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT24432
1000 LAFAYETTE BLVD., 10th FLOOR
BRIDGEPORT, CONNECTICUT 06604
(203) 696-3000

**CERTIFICATE OF SERVICE**

This is to certify that on June 28, 2022, a copy of foregoing Government's Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.   Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Harold H. Chen*

HAROLD H. CHEN
ASSISTANT UNITED STATES ATTORNEY